UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
COASTAL INVESTMENT PARTNERS, LLC,

                Plaintiff,                                17-cv-4427 (PKC)

    -against-                                     <u>ORDER</u>

DSG GLOBAL, INC.,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

On June 13, 2017, Coastal Investment Partners, LLC ("Coastal") commenced this action against DSG Global, Inc. ("DSG"). (Doc. 1). DSG appeared via its attorney, (Doc. 6), filed a motion to dismiss, (Doc. 16), and filed an answer, (Doc. 30). On July 7, 2020, DSG's attorney, Mark Basile, requested leave to withdraw, citing DSG's failure to pay for legal services rendered in this action. (Doc. 55). On July 14, 2020, the Court granted Mr. Basile's motion to withdraw. (Doc. 56). In this Order, the Court warned DSG that, because it was not a natural person, it needed to retain an attorney who was admitted to practice in this Court or potentially suffer the striking of its Answer and the entrance of a default judgment against it. (Doc. 56). Specifically, the July 14, 2020 Order in part stated:

> **DEFENDANT DSG GLOBAL, INC. IS ADVISED THAT, BECAUSE IT IS NOT A NATURAL PERSON, IT IS NOT PERMITTED TO APPEAR IN THIS COURT, EXCEPT THROUGH AN ATTORNEY WHO IS ADMITTED TO PRACTICE IN THIS COURT. IF, WITHIN 21 DAYS OF THE DATE OF THIS ORDER, DEFENDANT DSG GLOBAL, INC. FAILS TO CAUSE A NOTICE OF APPEARANCE TO BE FILED WITH THIS COURT BY AN ATTORNEY ADMITTED TO PRACTICE BEFORE THIS COURT, THE COURT WILL ENTERTAIN A MOTION TO STRIKE ITS ANSWER, HOLD IT IN**

**DEFAULT, AND ENTER JUDGMENT AGAINST IT FOR
FAILURE TO COMPLY WITH THIS ORDER.**

The Court ordered Mr. Basile to serve this Order on DSG at DSG's last known address.  (Doc. 56 at 2).  On July 15, 2020, Mr. Basile filed a certificate of service, which stated that he had served a copy of the Court's July 14, 2020 Order to DSG's last known address via U.S. mail.  (Doc. 57).

On August 6, 2020, Coastal filed a motion to strike DSG's Answer and for default judgment against DSG.  (Doc. 62).  DSG has responded to neither the Court's July 14, 2020 Order nor Coastal's motion to strike the Answer and for default judgment.

"It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55."  Grace v. Bank Leumi Tr. Co. of N.Y., 443 F.3d 180, 192 (2d Cir. 2006) (quoting SEC v. Research Automation Corp., 521 F.2d 585 (2d Cir. 1975)).  Rule 55(a), Fed. R. Civ. P., provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  The failure by a defendant corporation to obtain counsel in accordance with a court order is deemed "a failure, under Rule 55(a), to otherwise defend as provided by these rules."  Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991) (internal quotation marks omitted) (quoting Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam)).

The Court finds DSG has failed to defend this action under Rule 55(a).  DSG received sufficient notice of the consequences of failing to obtain new counsel and defend this action.  Specifically, the Court's July 14, 2020 Order contained a clear, non-technical warning that the consequences of non-compliance would be the striking of its Answer and the entry of default judgment against it.  DSG has not heeded this warning by either hiring new counsel or even

communicating with the Court in any fashion regarding the requirements of the July 14, 2020 Order. The Court finds that DSG is in default.

Upon a finding of default, a court must still determine if plaintiff's allegations state a claim as a matter of law. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011). In this case, prior to its current non-appearance, DSG filed a Rule 12(b)(6) motion to dismiss Coastal's claims. On June 5, 2018, this Court denied DSG's motion to dismiss for failure to state a claim. (Doc. 28). Accordingly, the Court finds that Coastal has established liability on the part of DSG as a matter of law.

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). While Rule 55(b) permits a court to conduct a hearing on damages, "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, 109 F.3d at 111 (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)). An appropriate basis for determining damages includes "detailed affidavits and documentary evidence." Fustok, 873 F.2d at 40.

Coastal has provided an approximate basis upon which to ascertain the amount of damages with reasonable certainty. DSG's liability stems from its now admitted failure to abide by the repayment and other terms of three notes issued to Coastal. Coastal incorporated these

notes into the Complaint and has provided their full text. (Docs. 1, 63-3, 63-4, & 63-5). To calculate damages owed by DSG's failure to abide by the notes' terms, Coastal has also submitted a declaration from a member of Coastal, Neil Rock, who has knowledge of the transactions evidenced by the notes. (Doc. 63-6). Rock's declaration provides a specific step-by-by calculation for each elements of damages claimed from DSG's breach of the notes' agreements. Based on Rock's detailed declaration and the documentary evidence of the terms of the notes, the Court holds that the amount of damages are ascertainable with reasonable certainty. Accordingly, based on the evidence in the record, the Court awards Coastal damages in the amount of $1,080,481.73.

CONCLUSION

Coastal's motion to strike the Answer and for default judgment, (Doc. 62), is GRANTED. The Court strikes DSG's Answer, (Doc. 30), and will enter judgment against DSG in the amount of $1,080,481.73.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
August 19, 2020

4